O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAYMOND M. VELASQUEZ, | ) | NO. SACV 12-770-SJO (MAN) |
| Petitioner, | ) ) ) | |
| v. | ) ) | ORDER DISMISSING PETITION AS SECOND OR SUCCESSIVE |
| ROBERT A. HOREL, WARDEN, | ) ) | AND DENYING A CERTIFICATE OF APPEALABILITY |
| Respondent. | ) | |

Petitioner, a California state prisoner, filed a 28 U.S.C. § 2254 habeas petition on May 11, 2012 ("Petition"). The Petition is the second habeas corpus petition filed by Petitioner in this Court stemming from his 1997 state court conviction and related 1998 sentence.

Under the Rules Governing Section 2254 Cases in the United States District Courts, a habeas petition filed by a prisoner in state custody "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ." Rule 4, 28 U.S.C. foll. § 2254. For the reasons set forth below, the Petition must be, and is, DISMISSED as second or successive, pursuant to 28 U.S.C. § 2244(b).

**BACKGROUND**

On August 17, 2000, Petitioner filed a Section 2254 habeas petition in the United States District Court for the Eastern District of California, which subsequently was transferred to this Court and assigned Case No. CV 00-9548-AHM (EE) (the "Prior Action"). The petition in the Prior Action challenged the same state court conviction and sentence at issue here. Petitioner raised a single claim that challenged the validity of his Three Strikes sentence, arguing that: he had received dual punishment; and the portion of his sentence based on his Count II conviction, for which he received a Three Strikes sentence, should have been stayed.[1] On March 16, 2001, Judgment was entered in the Prior Action, dismissing the petition. Petitioner did not appeal. The dockets for the Ninth Circuit show that Petitioner has not filed an application in the Ninth Circuit for leave to file a second or successive petition.

The instant Petition again attacks Petitioner's 1998 sentence. Petitioner contends that his present sentence is invalid based on the following grounds: his 1990 conviction for voluntary manslaughter was not properly treated as a "strike" prior conviction, because doing so violated the terms of his 1990 plea bargain; his plea bargain in the 1990 case was statutorily barred, and thus, the 1990 conviction is illegal and invalid; his 1982 and 1990 prior "strike" convictions are constitutionally invalid for various reasons, including that he did not

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of this district's case files and records as well as the dockets for the United States Court of Appeals for the Ninth Circuit available through the PACER system.

receive adequate advice and warnings before he pleaded guilty in both cases and his counsel provided ineffective assistance; the use of Petitioner's 1990 conviction as a "strike" retroactively, and thus impermissibly, increased his punishment for the 1990 conviction; and the Three Strikes provisions should not have been applied to his "strike" convictions, because they were incurred prior to the effective date of the Three Strikes law.

**DISCUSSION**

State habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction and/or sentence. *See, e.g.,* 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition) and § 2244(b)(2) (with several exceptions not applicable here, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition). "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009).

In those instances when Section 2244(b) provides a basis for pursuing a second or successive Section 2254 habeas petition, state habeas petitioners seeking relief in this district court must <u>first</u> obtain authorization from the Ninth Circuit before filing any such second or successive petition. 28 U.S.C. § 2244(b)(3). The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of

the two grounds articulated in § 2242(b)(2)." Burton v. Stewart, 549 U.S. 147, 153, 127 S. Ct. 793, 796 (2007).

By the Prior Action, Petitioner sought Section 2254 relief based on the same state court conviction and sentence at issue here. The Prior Action petition was dismissed on the ground that Petitioner had not established his entitlement to federal habeas relief, because he did not claim to be in custody in violation of federal law or the United States Constitution and had not shown that the state court's denial of his claim was contrary to or an unreasonable application of clearly established federal law within the meaning of 28 U.S.C. § 2254(d)(1). (*See* Prior Action docket, No. 11 at 2-3.) Although the Order and Judgment dismissing the Prior Action petition did not specify whether the case was dismissed with or without prejudice (*see id.*, Nos. 12-13), pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, the involuntary dismissal of the Prior Petition action must be construed to constitute an adjudication on the merits and to have been with prejudice. *See* Fed. R. Civ. P. 41(b); Stewart v. U.S. Bancorp, 297 F.3d 953, 956-57 (9th Cir. 2002); Moon v. Dulles, 237 F.2d 241, 242 (9th Cir. 1956).

Critically, Petitioner's present claims are based on events that occurred at and/or predated his 1998 sentencing; they do not rest on newly-discovered evidence or a new and retroactively-applicable rule of constitutional law, as is required by 28 U.S.C. § 2244(b)(2)(A)-(B). Accordingly, the current Petition is second or successive within the

meaning of Section 2244(b).[2]

Petitioner has not sought or obtained permission to bring a second or successive petition. Thus, this Court lacks jurisdiction to consider the Petition. 28 U.S.C. § 2244(b); *see also* Burton, 549 U.S. at 157, 127 S. Ct. at 799 (district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court). Accordingly, IT IS ORDERED that: the Petition is DISMISSED; and Judgment shall be entered dismissing this action without prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000). The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

DATED: May 30, 2012.

_____
S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

---

[2] The instant Petition also appears to be grossly untimely.